UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
TYIECE DAVIS and ROBERT HERNANDEZ,

                                    Plaintiffs,

                    -against-

CITY OF NEW YORK; Detective JOHN
FERNANDEZ, Shield No. 175; UC No. 166; and
JOHN and JANE DOE 1 through 10, individually
and in their official capacities (the names John and
Jane Doe being fictitious, as the true names are
presently unknown),

                                    Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

14 CV 3036

## NATURE OF THE ACTION

1.      This is an action to recover money damages arising out of the violation

of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the

Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United

States.

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343

and 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.      This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6.      Plaintiffs demand a trial by jury in this action.

## PARTIES

7.      Plaintiffs Tyiece Davis ("Ms. Davis") and Robert Hernandez ("Mr. Hernandez") are residents of Kings County in the City and State of New York.

8.      Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.      Defendant Detective John Fernandez, Shield No. 175 ("Fernandez"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Fernandez is sued in his individual and official capacities.

10.     Defendant Undercover Police Officer No. 166 ("UC # 166"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Plaintiffs do not know the real name of UC # 166.  Defendant UC # 166 is sued in his individual and official capacities.

11.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiffs do not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

12.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14.     At approximately 1:00 p.m. on November 20, 2013, plaintiffs were lawfully present inside Ms. Davis' apartment at 3020 Avenue D, Brooklyn, New York.

15.     Without a warrant or lawful basis, defendants entered the apartment and falsely arrested plaintiffs for permitting prostitution in violation of Section 230.40 of the New York Penal Law.

16.     At the time they arrested plaintiffs, defendants lacked probable cause to believe they had committed any crime or offense.

17.     Plaintiffs were taken to a police van and driven around for three hours before being taken to a police precinct.

18.     At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that plaintiffs had committed the aforementioned criminal offense.

19.     Plaintiffs were taken to Brooklyn Central Booking and arraigned.

20.     After spending approximately 24 hours in custody, plaintiffs were released on their own recognizance.

21.     Plaintiffs were compelled to return to Court on two occasions before the criminal charges were dismissed.

22.     Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

23.     At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

24.     This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

25.     Plaintiffs suffered damage as a result of defendants' actions.  Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to their reputation.

## FIRST CLAIM
### Unlawful Entry and Search

26.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

27.     Defendants violated the Fourth and Fourteenth Amendments because they entered Ms. Davis' apartment without a warrant or other lawful basis.

28.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

29.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

30.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

31.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

32.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

33.     By their conduct, as described herein, the individual defendants are liable to Plaintiffs for falsely imprisoning and falsely arresting plaintiffs.

34.     Plaintiffs were conscious of their confinement.

35.     Plaintiffs did not consent to their confinement.

36.     Plaintiffs' confinement was not otherwise privileged.

37.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

38.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein.

## FOURTH CLAIM
### Malicious Prosecution

39.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

40.     By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiffs under 42 U.S.C. § 1983 for the violation of their constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

41.     Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiffs of their constitutional rights.  The prosecution by defendants of plaintiffs constituted malicious prosecution in that there was no basis for the plaintiffs' arrest, yet defendants continued with the prosecution, which was resolved in plaintiffs' favor.

42.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### State Law Malicious Prosecution

43.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

44.     By their conduct, as described herein, defendants are liable to plaintiffs for having committed malicious prosecution under the laws of the State of New York.

45.     Defendants maliciously commenced criminal proceeding against plaintiffs, charging them with permitting prostitution.  Defendants falsely and without probable cause charged plaintiffs with violations of the laws of the State of New York.

46.     The commencement and continuation of the criminal proceedings against plaintiffs was malicious and without probable cause.

47.     All charges were terminated in plaintiffs' favor.

48.     Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiffs.  Defendant City of New York, as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

49.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein.

## SIXTH CLAIM
### State Law Assault and Battery

50.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

51.     By their conduct, as described herein, the defendants are liable to plaintiffs for having assaulted and battered them.

52.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

53.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein.

## SEVENTH CLAIM
### Denial Of Constitutional Right To Fair Trial

54.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

55.     The individual defendants created false evidence against plaintiffs.

56.     The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

57.     In creating false evidence against plaintiffs, and in forwarding false information to prosecutors, the individual defendants violated plaintiffs' right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

58.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Negligent Hiring/Training/Retention

59.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

60.     Defendant City, through the NYPD, owed a duty of care to plaintiffs to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to

Plaintiffs or to those in a like situation would probably result from the foregoing conduct.

61.     Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

62.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

63.     Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiffs' injuries.

64.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Negligent Infliction of Emotional Distress

65.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

66.     By reason of the foregoing, and by causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as

NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiffs.

67.     The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

68.     Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiffs. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

69.     As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore alleged.

## TENTH CLAIM
### Failure To Intervene

70.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

71.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

72.     Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

-12-

73.     As a direct and proximate result of this unlawful conduct, plaintiffs

sustained the damages hereinbefore alleged.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:      May 14, 2014
            New York, New York


                                        HARVIS WRIGHT & FETT LLP

                                        _____
                                        Gabriel Harvis
                                        305 Broadway, 14th Floor
                                        New York, New York 10007
                                        (212) 323-6880
                                        gharvis@hwandf.com

                                        *Attorneys for plaintiffs*